UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHANCE CATUDAL,

        Plaintiff,

v.

KIM A. BROWNE, *et al.*,

        Defendants.

Civil Action 2:12-cv-00197
Judge Gregory L. Frost
Magistrate Judge E.A. Preston Deavers

## REPORT AND RECOMMENDATION

On March 8, 2012 the Court granted Plaintiff leave to proceed with his action *in forma pauperis*. This matter is now before the Court for an initial screen of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2). For the following reasons it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's action against Defendants.

### I.

This action arises out of divorce and child custody proceedings in Ohio state court involving Plaintiff and his daughter. Plaintiff names Magistrate William Sieloff and Judge Kim A. Browne, both of the Franklin County Court of Common Pleas, and Chief Justice Maureen O'Connor, of the Ohio Supreme Court, as Defendants. Additionally, Plaintiff attempts to bring claims against Bryan Bowen, his ex-wife's attorney, and Christopher E. Heckert, former guardian ad litem for Plaintiff's daughter, for their roles in the proceedings. Plaintiff, who is proceeding *pro se*, purports to bring this action under 42 U.S.C. § 1983 for violations of his due process and equal protection rights.

Plaintiff seeks declaratory and injunctive relief. Plaintiff specifically requests a new divorce trial and that the Court force Defendants to recuse themselves from the proceedings.

Additionally, Plaintiff seeks monetary damages against Defendant Heckert. The Complaint indicates that his divorce and child custody proceedings are still ongoing in state court.

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> > (i) is frivolous or malicious;
> >
> > (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.

Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. § 1915(e)(2)(B)(ii)); *but see Younis v. Pinnacle*

---

[1] Formerly 28 U.S.C. § 1915(d).

*Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010) (requiring the Court to construe *pro se* pleadings liberally). Additionally, when the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3). *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)); *cf. also O'Neill v. Coughlan*, 511 F.3d 638, 642 (6th Cir. 2008) ("[A]bstention may be raised by the court *sua sponte*.").

### III.

**A.      Judicial Defendants**

As noted above, Plaintiff brings claims against Magistrate Sieloff, Judge Browne, and Chief Justice O'Connor, based on the roles they have played in Plaintiff's divorce and child custody proceedings. The undersigned finds that the Court lacks jurisdiction over these claims, or in the alternative, should abstain from exercising jurisdiction over these claims.

**1.      *Rooker-Feldman* Doctrine**

"The *Rooker-Feldman* doctrine embodies the notion that appellate review of state court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). The *Rooker-Feldman* doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Pursuant to the *Rooker-Feldman* doctrine, "lower federal courts lack subject matter jurisdiction to review the decisions of state courts." *Givens v. Homecomings Fin.*, 278 F. App'x 607, 608–09 (6th Cir. 2008) (citations omitted).

The *Rooker-Feldman* doctrine applies when a party bringing an action in federal district court "complain[s] of an injury caused by the state-court judgment and seek[s] review and rejection of that judgment." *Exxon Mobil*, 544 U.S. at 291. Consequently, "[t]he pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d at 548. "This is true regardless of whether the party challenges the validity of the state court judgment on constitutional grounds." *Id.*; *see also Sturgis v. Hayes*, 283 F. App'x 309, 313 (6th Cir. 2008) ("[T]he *Rooker-Feldman* doctrine applies when a plaintiff asserts before a federal district court that a state court judgment itself was unconstitutional or in violation of federal law.") (internal quotations omitted).

Furthermore, the United States Court of Appeals for the Sixth Circuit has provided that "in the field of domestic relations, it has been [its] consistent policy to refuse to exercise jurisdiction over claims which seek to collaterally attack a state court judgment . . . ." *Stephens v. Hayes*, 374 F. App'x 620, 623 (6th Cir. 2010). "Although this domestic relations exception to federal jurisdiction does not apply to a civil action that merely has domestic relations overtones . . . federal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues." *Danforth v. Celebrezze*, 76 F. App'x 615, 616–17 (6th Cir. 2003) (holding, pursuant to the domestic relations exception and the *Rooker-*

*Feldman* doctrine, that the Court lacked jurisdiction over a § 1983 action where the constitutional claims were conclusory and "a pretense to obtain federal review of domestic relations matters").

Here, the undersigned finds that the Court lacks jurisdiction. Plaintiff attempts to frame his action as a civil rights action under § 1983, frequently contending, in conclusory fashion, that the judicial Defendants have violated his equal protection and due process rights. A fair reading of Plaintiff's Complaint, however, reveals that he is actually challenging the various rulings of the judicial Defendants, which ultimately resulted in the October 19, 2011 divorce decree denying him legal custody over his daughter. Tellingly, the injunctive relief Plaintiff ultimately seeks is another divorce trial. In other terms, the sources of Plaintiff's injuries are the rulings and divorce decree judgment of the state court. Because Plaintiff's claims against the judicial Defendants seek the Court to review the state court decisions in his divorce and child custody proceedings, the *Rooker-Feldman* doctrine applies. Accordingly, the Court lacks jurisdiction over these claims.

  **2.** ***Younger* Abstention**

Even assuming that the *Rooker-Feldman* doctrine does not apply to this case, the Court should still abstain from jurisdiction. "The Supreme Court's decision in *Younger v. Harris*, [401 U.S. 37 (1971),] 'counsels federal-court abstention when there is a pending state proceeding' and 'reflects a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff.'" *Meyers v. Franklin Cnty. Court of Common Pleas*, 23 F. App'x 201, 204 (6th Cir. 2001) (quoting *Moore v. Sims*, 442 U.S. 415, 423 (1979)). Accordingly, "*Younger* abstention requires a federal court to abstain from granting

5

injunctive or declaratory relief that would interfere with pending state judicial proceedings." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008). "A federal court should abstain only when three criteria are met, specifically: (1) the underlying proceedings constitute an ongoing state judicial proceeding; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise constitutional challenges in the course of the underlying proceeding." *Danner v. Bd. of Prof'l Responsibility of the Tn. Sup. Ct.*, 277 F. App'x 575, 578 (6th Cir. 2008).

In this case, the undersigned concludes that Plaintiff's claims against the judicial Defendants meet the *Younger* abstention requirements. As a preliminary matter, the declaratory and injunctive relief Plaintiff seeks would clearly interfere with state court proceedings. Plaintiff specifically requests a new divorce trial and recusal of all the judicial Defendants from the underlying state court proceedings. Furthermore, the state proceedings are ongoing within the meaning of the *Younger* abstention doctrine because Plaintiff has a pending appeal from the divorce decree at issue. *See Danner*, 277 F. App'x at 579 ("The action remains pending until a litigant has exhausted his state remedies."). Additionally, matters related to domestic relations undoubtably concern important state interests. *See Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995). Finally, with regard to the last factor, the Court generally must presume that state courts will protect the federal plaintiff's constitutional interests. *Meyers*, 23 F. App'x at 205; *see also Mowen v. Clermont Cnty., Ohio*, No. 1:07cv323, 2008 WL 269520, at *7 (S.D. Ohio Jan 29, 2008) ("[T]he Sixth Circuit has found that Ohio courts provide parents with an adequate opportunity to raise constitutional challenges in custody proceedings.") Here, Plaintiff has not alleged sufficient facts to overcome this presumption. Rather, "case law suggests that the state

6

courts do provide an adequate forum." *Meyers*, 23 F. App'x at 205.

Because the *Younger* abstention requirements are met, the Court should abstain from exercising jurisdiction over Plaintiff's claims against the judicial Defendants. Since Plaintiff seeks equitable relief through his claims against the judicial Defendants, dismissal is the appropriate course. *See Meyers*, 23 F. App'x at 206 (holding that based on *Younger* abstention it was proper for a district court to dismiss claims for injunctive and declaratory relief).

**B.     Defendants Bowen and Heckert**

In addition to the judicial Defendants, Plaintiff attempts to bring § 1983 claims against Defendants Bowen and Heckert. Plaintiff contends that Defendant Bowen's actions in the underlying state proceedings, as counsel for Plaintiff's ex-wife, violated his constitutional rights. Additionally, Plaintiff brings a claim against Defendant Heckert, alleging that he was bias in performing his duties as guardian ad litem.

Even assuming the Court may properly exercise jurisdiction over these actions, Plaintiff fails to state a claim against both Defendants.[2] First, Plaintiff fails to state a facially plausible § 1983 claim against Defendant Bowen. In order to succeed on a § 1983 claim, Plaintiff must demonstrate that Defendant Bowen "acted under color of law . . . ." *Johnson-Kurek v. Abu-Absi*, 423 F.3d 590, 595 (6th Cir. 2005). "It is well-settled that a lawyer representing a client is not a state actor 'under color of law' within the meaning of § 1983." *Dallas v. Holmes*, 137 F. App'x

---

[2] Plaintiff has pending state court actions against both of these Defendants for damages. Unlike his claims against the judicial Defendants, however, there is no indication that he is using his current claims against Defendants Bowen and Heckert to interfere with the pending state court cases. *Cf. Devlin v. Kalm*, 594 F.3d 893, 895 (6th Cir. 2010) ("*Younger* does not apply when the federal plaintiffs are also plaintiffs in the state court action and the plaintiffs are not attempting to use the federal courts to shield them from state court enforcement efforts.") (internal quotations omitted).

746, 752 (6th Cir. 2005) (citing *Polk County v. Dodson*, 454 U.S. 312, 318 (1981)).  After all, the lawyer's duties are to the client and not the state.  In this case, Plaintiff contends that Defendant Bowen violated his constitutional rights while representing Anna Catudal.  Under these circumstances, Defendant Bowen is not a state actor for the purposes of § 1983.

Second, Plaintiff also fails to state a viable claim against Defendant Heckert.  To the extent Plaintiff seeks damages, Defendant Heckert is entitled to immunity for the performance of his role as guardian ad litem.  *See Abessolo v. Smith*, No. 1:11–cv–680, 2012 WL 668773, at *7 (S.D. Ohio Feb. 29, 2012) (Report & Recommendation) ("'[G]uardians ad litem are entitled to absolute quasi-judicial immunity for performing job duties that are a part of the judicial process,' even if the plaintiff alleges that their testimony was false or that they conspired with others.") (quoting *Kolley v. Adult Protective Servs.*, 786 F.Supp.2d 1277, 1298 (E.D. Mich. 2011)); *see also Kurzawa v. Mueller*, 732 F.2d 1456, 1458 (6th Cir. 1984) ("A failure to grant immunity would hamper the duties of a guardian ad litem in his role as advocate for the child in judicial proceedings.").  Additionally, various federal courts have held that guardians ad litem are not state actors for the purposes of § 1983.  *See, e.g.*, *Long v. Pend Oreille Cnty. Sheriff's Dept.*, 385 F. App'x. 641, 642 (9th Cir. 2010) (holding that a guardian ad litem was not a state actor for the purposes of § 1983); *Hennelly v. Flor de Maria Oliva*, 237 F. App'x 318, 320 (10th Cir. 2010) ("[G]uardians ad litem are not state actors for purposes of § 1983 . . . .").  Such authority is persuasive because, similar to a private attorney's duty to his or her client, a guardian ad litem "owes his or her undivided loyalty to the minor, not the state."  *Meeker v. Kercher*, 782 F.2d 153, 155 (10th Cir. 1986).

### IV.

For the above reasons, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's action against Defendants.

### V.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: March 29, 2012 /s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge