UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHANCE CATUDAL,

    Plaintiff,

v.

                        Civil Action 2:12-cv-00197
                        Judge GREGORY L. FROST
                        Magistrate Judge E.A. Preston Deavers

KIM A. BROWNE, *et al.*,

    Defendants.

## ORDER

      Plaintiff, who is proceeding *pro se*, brings this action alleging that Defendants violated his due process and equal protection rights during state-court divorce and child custody proceedings.  This matter is before the Court for consideration of the March 29, 2012 Report and Recommendation of the Magistrate Judge.  The Magistrate Judge recommended that the Court dismiss Plaintiff's claims against Ohio Common Pleas Court (Domestic Relations Division) Magistrate William Sieloff, Ohio Common Pleas Court Judge (Domestic Relations Division) Kim A. Browne, and Supreme Court of Ohio Chief Justice Maureen O'Connor (hereinafter the "judicial Defendants") for lack of jurisdiction pursuant to the *Rooker-Feldman* doctrine.  In the alternative, the Magistrate Judge recommended that the Court abstain from exercising jurisdiction over these claims pursuant to the *Younger* abstention doctrine.  Finally, the Magistrate Judge recommended dismissal of Defendants Christopher E. Heckert and Bryan Bowen for failure to state a claim.  Plaintiff filed his Objections to the dismissal of the judicial Defendants on April 9, 2012.[1]  For the reasons that follow, Plaintiff's Objections (ECF No. 6) are

---

[1] Plaintiff does not object to dismissal of Defendants Heckert and Bowen.

**OVERRULED** and the Report and Recommendation (ECF No. 5) is **ADOPTED**. Accordingly, Plaintiff's action is **DISMISSED**.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

To the extent Plaintiff objects to the standards the Magistrate Judge applied in reviewing his Complaint, such objections are unavailing. Plaintiff brought this action *in forma pauperis*, and, therefore, his Complaint was subject to an initial screen under 28 U.S.C. § 1915(e). In conducting the initial screen, the Court considers whether Plaintiff's claims are frivolous or fail to state claims for relief. 28 U.S.C. § 1915(e). Frivolous, in this context, includes a review of whether, from the face of the Complaint, the Court lacks jurisdiction. *See Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) ("Where there is no basis for federal jurisdiction apparent on the face of the complaint, a court may dismiss the action as frivolous . . . under 28 U.S.C. § 1915(e)(2)(B) . . . ."). Furthermore, the United States Court of Appeals for the Sixth Circuit has held that in performing an initial screen, the Court should apply general pleading standards under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Finally, the Magistrate Judge correctly noted that the Court construes *pro se* claims liberally. In applying such a standard, the Court recognizes that *pro se* filers lack formal legal trailing and may tend to be less clear than

their lawyer counterparts.[2]

In this case, the Court agrees with the Magistrate Judge that it lacks jurisdiction, pursuant to the *Rooker-Feldman* doctrine, with regard to Plaintiff's claims against the judicial Defendants. The *Rooker-Feldman* doctrine "prohibits district courts from conducting appellate review of state court decisions." *Coleman v. Governor of Michigan*, 413 F. App'x. 866, 870 (6th Cir. 2011); *see also Danforth v. Celebrezze*, 76 F. App'x. 615, 616 (6th Cir. 2003) ("[F]ederal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues."). "The pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the source of the injury upon which plaintiff bases his federal claim is the state court judgment." *In re Squire*, 617 F.3d 461, 465 (6th Cir. 2010) (internal quotations omitted).

Within his Objections, Plaintiff maintains that his claims against the judicial Defendants are not a mere pretense for challenging the underlying state court judgment. The Court disagrees. As the Magistrate Judge recognized:

> A fair reading of Plaintiff's Complaint . . . reveals that he is actually challenging the various rulings of the judicial Defendants, which ultimately resulted in the October 19, 2011 divorce decree denying him legal custody over his daughter. Tellingly, the injunctive relief Plaintiff ultimately seeks is another divorce trial. In other terms, the sources of Plaintiff's injuries are the rulings and divorce decree judgment of the state court. Because Plaintiff's claims against the judicial Defendants seek the Court to review the state court decisions in his divorce and child custody proceedings, the *Rooker-Feldman* doctrine applies. Accordingly, the Court lacks jurisdiction over these claims.

(Report & Recommendation 5, ECF No. 5.) Furthermore, Plaintiff's attempts to challenge the

---

[2] Plaintiff contends, incorrectly, that the Magistrate Judge used this standard as justification for not taking his claims seriously.

judicial Defendants' various state court rulings on constitutional grounds do not give the Court jurisdiction. *See In re Squire*, 617 F.3d 461, 465 (6th Cir. 2010) (holding that the *Rooker-Feldman* doctrine still applies when "the party challenges the validity of the state court judgment on constitutional grounds") (internal quotations omitted).

For the above reasons, Plaintiff's Objections are **OVERRULED** and the Report and Recommendation is **ADOPTED** as to the *Rooker-Feldman* analysis.[3] Plaintiff's action is **DISMISSED**. The Clerk is **DIRECTED** to remove this action from the Court' pending case list.

**IT IS SO ORDERED.**

                                                   **/s/ Gregory L. Frost**
                                                   **GREGORY L. FROST**
                                                   **UNITED STATES DISTRICT JUDGE**

---

[3] As an alternative basis for her recommendation of dismissal, the Magistrate Judge found that *Younger* abstention would bar jurisdiction in this case even if the *Rooker-Feldman* doctrine did not apply. (Report & Recommendation 5-6, ECF No. 5.) Because the Court finds its jurisdiction precluded under the *Rooker-Feldman* doctrine, the Court finds it unnecessary to address this alternative ground.